UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS ANDREW DiDONNA,

                              Plaintiff,

        v.

HAROLD L. SMITH, *et al.*

                              Defendants.

No. 22-CV-6107 (KMK)

<u>ORDER OF SERVICE</u>

KENNETH M. KARAS, United States District Judge:

        Plaintiff, who is currently detained in Pike County Jail in Lords Valley, Pennsylvania,

brings this pro se action under 42 U.S.C. § 1983, alleging that Defendants provided him with

inadequate medical care when he was detained in Sullivan County Jail.  On August 5, 2022,

Plaintiff filed an Amended Complaint.  (*See* Am. Compl. (Dkt. No. 7).)  The Amended

Complaint names the following defendants: Sullivan County Jail Warden Harold L. Smith

("Smith"); the State of New York; Sullivan County; Sullivan County Jail; Corporal Compasso

("Compasso"); Deputies Fancher ("Fancher") and Lawrence ("Lawrence"); "Sullivan County

Medical Department"; Sullivan County Jail Nurses Starner ("Starner"), Moore ("Moore"), and

Santini ("Santini"); Prime Care Medical Corporation, which the Court understands to be

PrimeCare Medical Inc. ("PrimeCare"); PrimeCare Supervisor "Kim Doe"; PrimeCare Nurses

Lyn Elkins ("Elkins") and Christine Bermington ("Bermington"); PrimeCare "Nurse Jane Doe

that worked at the Sullivan county jail on 11/14/2021"; "Doctor John Doe that worked at the

Sullivan county jail on 8/16/2021"; and "John Doe Supervisor that worked at the jail on the

ea[r]ly morning of 8/02/2021" (collectively, "Defendants").

By order dated July 21, 2022, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1]  For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against the State of New York, Sullivan County Jail, and "Sullivan County Medical Department"; (2) directs service on the remaining named defendants; (3) directs Sullivan County and PrimeCare to assist in identifying Kim Doe, the John Doe Supervisor working at Sullivan County Jail on August 2, 2021, and the Jane Doe Nurse working at Sullivan County Jail on November 14, 2021; and (4) denies Plaintiff's application for the Court to appoint pro bono counsel without prejudice to renewal at a later time.

## I. Standard of Review

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quotation marks omitted).

## II.  Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

### A.  The State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*  This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief.  *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Court therefore dismisses Plaintiff's claims against the State of New York because Plaintiff seeks monetary relief from a defendant that is immune from such relief and, therefore, the Court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction.").

### B.  Sullivan County Jail and "Sullivan County Medical Department"

The Court must also dismiss Plaintiff's claims against Sullivan County Jail and "Sullivan County Medical Department."  Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws."  42 U.S.C. § 1983.  Sullivan County Jail and "Sullivan County Medical Department" are not "persons" within the meaning of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–71 (1989)

(state is not a "person" for the purpose of § 1983 claims); *Kerr v. Cook*, No. 21-CV-93, 2021 WL 765023, at *4 (D. Conn. Feb. 26, 2021) (holding that correctional facility "medical staff" is a not a person under § 1983); *Connor v. Hurley*, No. 00-CV-8354, 2004 WL 885828, at *3 (S.D.N.Y. Apr. 26, 2004) (holding that Green Haven Correctional Facility "medical staff" is not a person under § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983).

The Court therefore dismisses Plaintiff's claims against Sullivan County Jail and "Sullivan County Medical Department" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  Service on Remaining Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); FED. R. CIV. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Smith, Sullivan County, PrimeCare, Compasso, Fancher, Lawrence, Starner, Moore, Santini, Elkins, and Bermington through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants.  The Clerk of Court is further instructed to

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.

issue summonses and deliver to the Marshals Service all the paperwork necessary for the

Marshals Service to effect service upon Defendants.

If the Amended Complaint is not served within 90 days after the date the summonses are

issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d

56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of

time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

### D.  *Valentin* Order

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court

in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the Amended Complaint, Plaintiff

supplies sufficient information to permit Sullivan County or PrimeCare to identify PrimeCare

Supervisor "Kim Doe"; PrimeCare "Nurse Jane Doe that worked at the Sullivan county jail on

11/14/2021"; and "John Doe Supervisor that worked at the jail on the ea[r]ly morning of

8/02/2021."  It is therefore ordered that the County Attorney of Sullivan County, who is the

attorney for and agent of the Sullivan County, or the attorney for PrimeCare must ascertain the

identity of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the

defendant may be served.  The County Attorney or the attorney for PrimeCare must provide this

information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended

complaint naming the John or Jane Doe defendants.  The second amended complaint will

replace, not supplement, the original and amended complaints.  A second amended complaint

form that Plaintiff should complete is attached to this Order.[3]  Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John or Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

### E.  Motion for the Appointment of Pro Bono Counsel

On August 11, 2022, the Court received from Plaintiff a motion for the Court to appoint pro bono counsel.  (*See* Dkt. No. 9.)  The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).  Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.  Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for the appointment of pro bono counsel is denied without prejudice to renewal at a later date.

### III.  Conclusion

The Court dismisses Plaintiff's claims against the State of New York because Plaintiff seeks monetary relief from a defendant that is immune from such relief and, therefore, the Court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii); FED. R. CIV. P. 12(h)(3); *see*

---

[3] The Court declines to issue a *Valentin* order as to "Doctor John Doe that worked at the Sullivan county jail on 8/16/2021" at this time because Plaintiff has not provided sufficient identifying information or alleged any facts explaining how this defendant was personally involved in violating his rights.

*Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction.").

The Court dismisses Plaintiff's claims against Sullivan County Jail and "Sullivan County Medical Department" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue summonses for Smith, Sullivan County, PrimeCare, Compasso, Fancher, Lawrence, Starner, Moore, Santini, Elkins, and Bermington, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the Amended Complaint to the Sullivan County Attorney at: 100 North Street, P.O. Box 5012, Monticello, NY 12701, and to PrimeCare Medical, Inc. c/o Sullivan County Jail at 58 Old Rt. 17, Monticello, NY 12701. A "Second Amended Complaint" form is attached to this Order.

The Court denies without prejudice Plaintiff's motion for the appointment of pro bono counsel. The Clerk of Court is directed to terminate the pending motion at Dkt. No. 9.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail an information package and a copy of this

Order to Plaintiff.

SO ORDERED.

Dated:   August 19, 2022
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Warden Harold L. Smith
   Sullivan County Jail
   58 Old Rt. 17
   Monticello, NY 12701

2. PrimeCare Medical, Inc.
   c/o Sullivan County Jail
   58 Old Rt. 17
   Monticello, NY 12701

3. Sullivan County
   Office of the County Attorney
   100 North Street
   P.O. Box 5012
   Monticello, NY 12701

4. Corporal Compasso
   Sullivan County Jail
   58 Old Rt. 17
   Monticello, NY 12701

5. Deputy Fancher
   Sullivan County Jail
   58 Old Rt. 17
   Monticello, NY 12701

6. Deputy Lawrence
   Sullivan County Jail
   58 Old Rt. 17
   Monticello, NY 12701

7. Nurse Julie Starner
   Sullivan County Jail
   58 Old Rt. 17
   Monticello, NY 12701

8. Nurse Wendy Moore
   Sullivan County Jail
   58 Old Rt. 17
   Monticello, NY 12701

9. Nurse Santini
   Sullivan County Jail
   58 Old Rt. 17
   Monticello, NY 12701

10.    Nurse Lyn Elkins
       Sullivan County Jail
       58 Old Rt. 17
       Monticello, NY 12701

11.    Nurse Christine Bermington
       Sullivan County Jail
       58 Old Rt. 17
       Monticello, NY 12701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**SECOND**

**AMENDED**

**COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No
                    (check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's       Name_____
                       ID#_____
                       Current Institution_____
                       Address_____
                       _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                            Where Currently Employed _____
                            Address _____
                            _____

Defendant  No. 2       Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3       Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


| Who did what? |
| --- |

Defendant  No. 4       Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5       Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.    Where in the institution did the events giving rise to your claim(s) occur?

_____


C.    What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____


| What happened to you? |
| --- |

D.    Facts:_____

_____

_____

_____

*Rev. 01/2010*                                        2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    **Exhaustion of Administrative Remedies**:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____    No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
         _____

        2.      What was the result, if any?
         _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
         _____
         _____
         _____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*              5

_____

_____

_____

**VI.   Previous lawsuits:**

On
these
claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.   Docket or Index number _____

_____ 4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____  No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.   Docket or Index number _____

_____ 4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.        Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.        What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff        _____

Inmate Number              _____

Institution Address          _____

_____

_____

_____

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____

*Rev. 01/2010*                              7