UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS ANDREW DIDONNA,

                Plaintiff,

        v.

HAROLD L. SMITH, *et al.*,

                Defendants.

No. 22-CV-6107 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff commenced this Action on July 18, 2022, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (*See* Compl. (Dkt. No. 2).) After Plaintiff filed an Amended Complaint, (Dkt. No. 7), the Court ordered service (Dkt. No. 11). Because Plaintiff sued several John and Jane Doe Defendants, the Court directed Plaintiff to file a second amended complaint within 30 days of receiving information identifying those Defendants. (*See id.* at 5–6.)

On March 18, 2024, the Court received a letter from Plaintiff, (Dkt. No. 37), that the Court interpreted as a request for leave to amend, and gave Plaintiff until June 24, 2024, to file a second amended complaint against the newly identified Defendants, (*see* Dkt. No. 41). Despite warning Plaintiff that failure to meet the deadline may "result in dismissal of claims against any unserved Defendants for failure to prosecute," no second amended complaint was filed. (*Id.*).

On July 19, 2024, the Court ordered Plaintiff to show cause within 30 days as to why this Action should not be dismissed for failure to prosecute. (Dkt. No. 42.) On July 31, 2021, Plaintiff responded in the form of a letter informing the Court that "[he] was not able to write [the Court] sooner" "[b]ecause of the strict quarantine" at Lackawanna County Prison. (Dkt. No.

43.)  Plaintiff asked that his address be changed but did not address the Court's July 2024 order

to show cause.

On October 4, 2024, the Court ordered that Plaintiff file, by no later than November 4,

2024, a second amended complaint naming the previously unidentified defendants.  (Dkt. No.

45.)  The Court warned that failure to comply may result in dismissal of this Action for failure to

prosecute.  Plaintiff has neither filed a second amended complaint nor communicated with the

Court since its October 4 Order.  (*See generally* Dkt.)

Accordingly, it is hereby ORDERED that Plaintiff shall show cause, by no later than

January 3, 2025, as to why this Action should not be dismissed with prejudice for failure to

prosecute.  See Fed. R. Civ. P. 41(b) (permitting dismissal of an action for failure to prosecute);

*Murphy v. L.A. Spaulding et al.*, No. 20-CV-9013, 2020 WL 1063138, at *1 (S.D.N.Y. Mar. 30,

2022) (dismissing case brought by pro se plaintiff for failure to prosecute); *Armstrong v.*

*Guiccione*, 470 F.3d 89, 103 n.1 (2d Cir.2006) (noting that "a federal district court has the

inherent power to dismiss a case sua sponte for failure to prosecute" (citing *Link v. Wabash R.R.*

*Co.*, 370 U.S. 626, 630–32 (1962)).  The Court may dismiss with prejudice the Action without

further notice if good cause is not shown.

SO ORDERED.

Dated:    December 5, 2024
          White Plains, New York

_____
          KENNETH M. KARAS
          United States District Judge